IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BRENDA KINSEY,                    § | |
|    Plaintiff,     § | |
|       § | |
| v.                                § | CIVIL NO. 6:23-CV-00198-ADA-JCM |
|       § | |
| THE CITY OF BELLMEAD, et al,      § | |
|    Defendants.    § | |

### REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

**TO:**  **THE HONORABLE ALAN D ALBRIGHT,**
    **UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendants' Motion to Dismiss (ECF No. 54), Plaintiff's Response to Defendants' Motion to Dismiss (ECF No. 58), and Defendants' Reply (ECF No. 59). For the following reasons, the undersigned **RECOMMENDS** Defendants' Motion be **DENIED AS MOOT** and Plaintiff's request for leave to amend be **GRANTED**.

### I.  BACKGROUND

Brenda Kinsey was employed in law enforcement for over twenty-one years. Pl.'s Second Am. Compl. (ECF No. 41) at ¶ 22. In 2021, Kinsey worked as the Assistant Chief of Police for the City of Bellmead. *Id.* at ¶ 23. Kinsey alleges that the day after submitting a Notice of Discrimination Claim to the Assistant Chief of Police, Yousef Zakhary, and other Bellmead officials, Officer Stephen Leonard and Detective Sergeant Louis Rendon acted in concert with

1

Zakhary to initiate a criminal complaint against Kinsey for "Misue of Official Information." *Id.* at ¶ 46. The criminal complaint alleged that Kinsey violated Texas Penal Code § 39.06 ("Misuse of Official Information") on August 18, 2021. *Id.* at ¶ 63. Kinsey alleges that Leonard and Rendon were aware that her conduct did not meet the elements of the crime. *Id.*

Kinsey further alleges that Leonard and Rendon, acting in concert with Zakhary, withheld material or exculpatory facts from the District Attorney to encourage the District Attorney to arrest and prosecute her. *Id.* at ¶ 50. As a result of the criminal complaint, Kinsey was arrested on December 14, 2021. *Id.* at ¶ 51. Two weeks later, the McLennan County District Attorney dismissed the criminal complaint without presenting it to a grand jury. *Id.* at ¶ 66.

Kinsey alleges that following the dismissal of the first criminal complaint, "Defendants Zakhary, Leonard, Rendon, and [Chief of Police Shawn] Myatt initiated and/or procured a second criminal complaint" against her based on the same facts, for the same crime. *Id.* at ¶ 73. Kinsey maintains that, prior to filing the second criminal complaint against her, Leonard, Rendon, and Myatt were all aware that even if Kinsey had acquired improper information, she had not used it for her own personal benefit or to defraud another person—an essential element of the crime alleged. *Id.* at ¶ 76. The second criminal complaint, filed on January 30, 2023, was dismissed after a grand jury determined that there was insufficient evidence to support a conviction. *Id.* at ¶ 82.

Kinsey sued Leonard, Rendon, and Myatt for Fourth Amendment malicious prosecution under 42 U.S.C. § 1983. Pl.'s Second Am. Compl. at ¶ 126–47. Defendants filed their Motion to Dismiss, which is the subject of this Order. Defs.' Mot. (ECF No. 54). In her Response, Kinsey requests leave to amend her live complaint. Pl.'s Resp. (ECF No. 58) at 19.

## II.   LEGAL STANDARDS

Upon motion or sua sponte, a court may dismiss an action that fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). To survive Rule 8, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court begins by identifying which allegations are well-pleaded facts and which are legal conclusions or elemental recitations, accepting as true the former and rejecting the latter. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court need not blindly accept every allegation of fact; properly pleaded allegations of fact amount to more than just conclusory allegations or legal conclusions "masquerading as factual conclusions." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). The court then determines whether the accepted allegations state a plausible claim to relief. *Id.* at 379.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* For

purposes of Rule 12(b)(6), "pleadings" include the complaint, its attachments, and documents referred to in the complaint and central to a plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–499 (5th Cir. 2000).

### III.  DISCUSSION

Defendants move to dismiss Kinsey's Fourth Amendment claims for malicious prosecution, arguing Kinsey (1) failed to plead facts that overcome each Defendant's entitlement to qualified immunity and (2) did not sufficiently allege facts showing a lack of probable cause for the proceedings. Defs.' Mot. at 10–11, 14. Defendants further argue that, to the extent Kinsey asserts claims for false arrest and state-law malicious prosecution against them, those claims should be dismissed. *Id.* at 7. Kinsey requests leave to amend her live complaint to correct pleading deficiencies identified by the Court. Pl.'s Resp. at 19.

After reviewing the parties' briefs, the pleadings, the relevant facts, and the applicable law, the undersigned has identified several shortcomings in Kinsey's Second Amended Complaint. ECF No. 41. To establish a claim for Fourth Amendment malicious prosecution, Kinsey must show "(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) absence of probable cause for the proceeding; (5) malice; and (6) damages," in addition to the threshold element of an unlawful Fourth Amendment seizure. *Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023). The undersigned finds that Kinsey's Second Amended Complaint requires additional detail to address each element of her claims for Fourth Amendment malicious prosecution.

Additionally, although somewhat unclear from her Complaint, Kinsey appears to sue Defendants Leonard, Rendon, and Myatt solely for Fourth Amendment malicious prosecution

4

under § 1983. Pl.'s Second Am. Compl. at ¶ 127–47. However, in Kinsey's Response to Defendants' Motion, she argues that the Texas Tort Claims Act does not bar her state-law claims against Defendants because she has not asserted malicious prosecution against the City of Bellmead. Pl.'s Resp. at 18; *but see* Pl.'s Second Am. Compl. at ¶ 151 (requesting "full compensation from Bellmead" for malicious criminal prosecution under Texas law). Given these discrepancies, the undersigned cannot determine which of the defendants Kinsey is suing for state-law malicious prosecution.

Kinsey requests leave to amend her Complaint to cure these deficiencies. Pl.'s Resp. at 19. "Generally, when a plaintiff seeks to amend a complaint in response to a motion to dismiss and when that amendment seeks to cure the deficiencies identified in the motion, the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." *Ochoa v. Harris Cnty. Sheriff Deputies*, No. H-23-3355, 2024 U.S. Dist. LEXIS 162312, at *2–3 (S.D. Tex. Sept. 10, 2024) (internal citations omitted). "Granting leave to amend is encouraged, especially when the plaintiff might be able to state a claim based on the underlying facts and circumstances." *Pumphrey v. Triad Life Scis., Inc.*, No. 24-60028, 2024 WL 4100495, at *3 (5th Cir. Sept. 6, 2024) (internal citations omitted).

Rule 15(a) requires trial courts to grant leave to amend freely when justice so requires. Fed. R. Civ. P. 15(a)(2); *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F. 3d 282, 286 (5th Cir. 2002). The language of the rule "evinces a bias in favor of granting leave to amend." *Lyn-Lea Travel Corp.*, 283 F.3d at 286. In the interest of justice, Kinsey should be afforded an opportunity to replead her Fourth Amendment malicious prosecution claims as to Defendants Leonard, Rendon, and Myatt and clarify the specific claims she seeks against each Defendant.

Accordingly, Defendants' Motion to Dismiss should be **DENIED AS MOOT** and Plaintiff's request for leave to amend the Complaint should be **GRANTED**.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendants Leonard, Rendon, and Myatt's Motion to Dismiss (ECF No. 54) be **DENIED AS MOOT** and Plaintiff's Request for Leave to Amend should be **GRANTED**.

## V.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 17th day of September 2024.**

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE